Vincent A. Lupiano, J.
Defendant moves for summary judgment. The action is brought for a declaratory judgment and upon a second cause for the reformation of a lease by which the plaintiff became a tenant of the entire 23d floor at 575 Madison Avenue, Manhattan, New York, for a period of four years and four months. The lease is dated August 24,1961. It contained a provision that: “It is understood and agreed that the tenant herein accepts the premises ‘ as is ’ and in consideration therefor rent shall not accrue under this lease until 90 days after the tenant takes occupancy of the demised premises, but no later than February 1,1962. ’ ’
Plaintiff seeks to have that sentence reformed so as to read as follows: “It is understood and agreed that the tenant herein accepts the premises ‘ as is ’ and in consideration therefor rent shall not accrue under this lease until 90 days after the tenant takes occupancy of the demised premises or 90 days after February 1,1962, whichever date is earlier.”
Plaintiff took occupancy February 1, 1962, and contends that no rent is payable until May 1, 1962. The defendant urges that there is no mistake and that the meaning and purport of the quoted provision of the lease is that rent is payable not *222 later than February 1, 1962. While the premises were taken “ as is ” it appears that the taking of possession and occupancy was delayed by reason of required alterations. In the context of the facts and circumstances here, it cannot be said as a matter of law that there is no ambiguity in the quoted lease provision, or that the phrase “ but no later than February 1, 1962 ” refers to the time for the taking of occupancy or to the time for the payment of rent.
In plaintiff’s letter of August 21, 1961, there appears the following expression: “ Inasmuch as our present lease expires on April 30,1962, we would expect to take occupancy of the floor in 575 Madison Avenue as of January 1,1962, and that we would receive a concession of four months, our first payment of rent to be made on May 1, 1962. However, if our present premises at 444 Madison Avenue are sublet prior to May 1, 1962, we will assume payment of rent at 575 Madison Avenue on such prior date. ’ ’
There is dispute as to what followed the receipt of such letter and of the further letter dated August 23, 1961, in which it is stated:
“ This is to confirm, as per your conversation with Jack Farbstein, that we are willing to rent the 23rd floor of 575 Madison on as [sic] ‘ as is ’ basis for the unexpired period of the current lease at a rent of $49,000 per year, which sum includes all electrical and cleaning services.
“We are to be granted a three-month concession in rent beginning when the renovation of the premises has been completed.”
Accordingly, the motion must be and it is denied.